DIAZ, Circuit Judge,
dissenting:
The majority concludes that attorneys’ fees are recoverable as restitution under the MVRA “in the exceptional scenario in which the fees were the direct and proximate result of the defendant’s crime.” Maj. Op. at 577. Although I agree, in theory, that attorneys’ fees may be part of an award of restitution under the statute, I take issue with the finding that all of the fees incurred by Jordan Oil were directly and proximately caused by Abdelbary’s offense conduct. Such a conclusion takes too broad a view of what constituted Ab-delbary’s criminal offense.
The Supreme Court has instructed that “restitution as authorized by [the MVRA] is intended to compensate victims only for losses caused by the conduct underlying the offense of conviction.” Hughey v. United States, 495 U.S. 411, 416, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990) (emphasis added). In the context of crimes involving false statements, this court has noted that “Hughey and the text of the [MVRA] do not allow us to stretch the ‘offense’ involved in a perjury conviction to include any other conduct ... to which the defendant’s perjurious statement may have borne some relationship.” United States v. Broughtonr-Jones, 71 F.3d 1143, 1149 (4th Cir.1995); see also United States v. Blake, 81 F.3d 498, 506 (4th Cir.1996) (“[T]he factual connection between [the defendant’s] conduct and the offense of conviction is legally irrelevant for the purpose of restitution.”). The only relevant considerations for restitution purposes are “the elements of the offense of conviction and the specific conduct underlying these elements.” United States v. Freeman, 741 F.3d 426, 437 (4th Cir.2014) (internal quotation marks omitted).
Abdelbary was convicted of three counts of violating 18 U.S.C. § 152(3), which prohibits a person from “knowingly and fraudulently mak[ing] a false ... statement under penalty of perjury ... in or in relation to any case under title 11.” He was also convicted of two counts of violating 18 *580 U.S.C. § 1623, which prohibits a person from “knowingly mak[ing] any false material declaration” while under oath. The conduct underlying these convictions consisted of: (1) Abdelbary’s fraudulent representation in his Statement of Financial Affairs that he did not transfer any assets during the two years preceding the bankruptcy petition; (2) his fraudulent statement, at a creditors meeting, that he had not transferred any assets to any family members; and (3) his fraudulent denial, at the same meeting, of having transferred any assets within the previous five years.
The district court did not make a specific finding that Abdelbary’s fraudulent statements — i.e., his offense conduct— caused Jordan Oil to incur attorneys’ fees. Instead, the court seemed to base the restitution award on a finding that Jordan Oil was harmed by the very fact that it had to participate in bankruptcy proceedings at all. For example, the court stated, “I’m thinking of it as a direct harm from the filing of this.... [Jordan Oil was] essentially dragged into bankruptcy court.” J.A. 533-34.[1]
In my view, the district court improperly ordered restitution on the basis of Abdel-bary’s “relevant conduct” — pursuing a discharge in bankruptcy — -rather than the specific conduct underlying his offense of conviction. See Freeman, 741 F.3d at 434 (“[T]hese [restitution] statutes do not allow restitution for relevant conduct, a related offense, or a factually relevant offense, but rather the offense, which can only be read to mean the offense of conviction.” (internal quotation marks omitted)).[2] There is nothing in the record to suggest that Ab-delbary could not have filed for bankruptcy absent the fraudulent representations regarding his assets. And for all we know, Abdelbary may well have qualified for a discharge if he had not lied about the transferred assets. In that case, Jordan Oil still would have been “dragged into bankruptcy court” and incurred attorneys’ fees to protect its judgment.
To drive the point home, consider 18 U.S.C. § 157, which criminalizes the filing of a bankruptcy petition in connection with a scheme to defraud.[3] Had Abdelbary been convicted of violating that provision, the government would have had an arguable case that all of the fees Jordan Oil incurred in the bankruptcy proceedings were attributable to Abdelbary, as the very filing of a bankruptcy petition would have constituted his offense conduct, and the entire proceedings would have been tainted. But Abdelbary was neither charged with nor convicted of violating 18 U.S.C. § 157, and, under this court’s precedent, there is no basis for ordering restitution for conduct for which he was not convicted.
I recognize that Abdelbary’s untruthfulness may have exacerbated the fees Jor *581 dan Oil had to expend to defend its interests in bankruptcy. Perhaps Abdelbary’s petition would have been dismissed much earlier had he not misrepresented his financial affairs, thus saving Jordan Oil time and expense. But the government never attempted to demonstrate a causal connection between Abdelbary’s fraudulent statements and the aggravation of Jordan Oil’s fees, and the district court made no factual findings to that effect.[4] In other words, the government failed to show that “even had [Abdelbary] been completely truthful about these matters, [Jordan Oil] would not have suffered the same harm.” Freeman, 741 F.3d at 438. Because the district court clearly erred when it found that Abdelbary’s criminal conduct directly and proximately caused all of Jordan Oil’s attorneys’ fees, I would reverse that portion of the district court’s judgment ordering Abdelbary to pay $84,079.35 in restitution.
I respectfully dissent.

. The majority makes a similar error, stating "the fees incurred were directly and proximately caused by Abdelbary’s bankruptcy fraud because the fraud occurred in the context of Abdelbary's bankruptcy proceed-ing_” Maj. Op. at 579 (emphasis added).

. Although the majority believes otherwise, Abdelbary challenged the district court’s failure to find but-for causation at sentencing, see, e.g., J.A. 525-26, 528-29, and on appeal, see, e.g., Appellant's Br. at 13 (arguing that "[clausing Jordan Oil to incur attorney's fees was not an element of the offense,” and emphasizing that "[a] restitution award may only compensate for a victim’s actual damages resulting directly from an essential conduct element of the offense").

."A person who, having devised or intending to devise a scheme or artifice to defraud and for the purpose of executing or concealing such a scheme or artifice or attempting to do so ... files a petition under title 11... shall be fined under this title, imprisoned not more than 5 years, or both." 18 U.S.C. § 157(1).

. Jordan Oil also incurred fees representing the interests of other creditors during the bankruptcy proceedings. See J.A. 470 ("Jordan Oil ... took the lead in objecting to Defendant's discharge for the benefit of itself and Defendant’s other creditors.... [N]o other creditors objected to Defendant's discharge. Jordan Oil bore the burden and expense for the benefit of all_"). I do not believe Abdelbary can be responsible for the fees Jordan Oil voluntarily incurred defending other creditors' debts.